**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLIE RAY GRUNDY, | ) | CASE NO. CV 13-03318 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

       Plaintiff Charlie Ray Grundy seeks review of the Social Security Commissioner's decision denying his application for Supplemental Security Income. The Administrative Law Judge found that Plaintiff had severe mental disorders, but that Plaintiff nevertheless could work at certain jobs that were sufficiently plentiful in the economy; accordingly, Plaintiff was not entitled to benefits. Plaintiff challenges this decision, framing his argument as a challenge to the Administrative Law Judge's determination that he and his family members lacked credibility.

       Plaintiff's challenge, however, is not a true credibility challenge. Plaintiff says that this case involves "excess symptom testimony," which Plaintiff likens to "excess pain testimony." Plaintiff then relies on case law stating that, if a Plaintiff has a medically-determinable impairment that reasonably could be expected to lead to pain (or, in Plaintiff's construct, symptoms), that the Administrative Law Judge can reject "it" — it's

unclear what Plaintiff's "it" refers to — only by providing clear and convincing reasons for doing so. Plaintiff then argues with the Administrative Law Judge's finding as to the impact of medication, his reading of the record, and his assessment of the lay testimony. (Plaintiff's Memorandum in Support of Complaint, 6 *et seq*.)

The "excess pain" cases, as articulated in *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*) and its progeny, and broadened in *Swenson v. Sullivan*, 876 F.2d 683 (9th Cir. 1989), and similar cases to other immeasurable symptoms than pain, do not apply here. They concern testimony as to symptoms *in excess of* what would normally be expected, not simply testimony as to symptoms. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989) ("Excess pain is by definition pain at a level above that supported by medical findings."). It is the assertion of *unexpected* pain or other subjective symptoms that creates the necessity of a rubric for evaluating a person's credibility in testifying as to his symptoms. Pain alone cannot be the basis for an award of benefits, 42 U.S.C. § 423(d)(5), but the extent of pain resulting from an impairment can affect a person's ability to function, and, since pain is idiosyncratic, a person's testimony that he has more pain than would be expected from the impairment becomes a probative piece of evidence. *Fair, supra.* The Administrative Law Judge is not required to believe the claimant's testimony, but he cannot simply disbelieve it either. Rather, using ordinary techniques for evaluating credibility, *Fair*, 885 F.2d at 604 n.5, he must, if he disbelieves it, give clear and convincing reasons for his finding of disbelief. *Bunnell, supra*.

The distinction between testimony as to *excess* subjective symptoms and other testimony was made clear by the Court in *Carmickle v. Commissioner, Social Security Administration*, 533 F.3d 1155 (9th Cir. 2008). There the Court said:

> In support of its decision that specific testimony from Carmickle was required before the clear-and-convincing standard would apply, the district court relied on our statement in *Swenson* that "[i]f a claimant submits objective medical findings of an

>impairment that would normally produce a given symptom, but testifies that he experiences the symptom to a greater degree than would normally be expected, the Secretary may disbelieve that but must make specific findings justifying his decision." 876 F.2d at 687. This principle remains good law, but it does not apply here. *Swenson* addresses only how the ALJ must treat a claimant's excess symptom testimony. *Id*. It does not establish a standard for assessing the claimant's testimony generally.

*Id*. at 1161. Were the situation otherwise, then everything would be reviewed against an exacting clear-and-convincing standard. This would eviscerate the actual standard, which is whether substantial evidence supports the Commissioner's decision, and whether the decision is free of legal error. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

The waywardness of Plaintiff's challenge owes in part to the Commissioner's use of a template for decision-making in the administrative hearing. That template, used in every decision which this Court has reviewed for the last several years, has the Administrative Law Judge make a finding that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." [AR 26] This language would be appropriate in a true excess pain case, assuming, of course, that it was supported by factual discussion in the decision. As a boilerplate statement where excess pain or other not-measurable symptoms are not involved, and where it is not tied to the facts of the particular case, however, it invites the very kind of misunderstanding that permeates Plaintiff's challenge here.

Measured against the appropriate standard of substantial evidence, and not the question of whether Plaintiff was credible in saying that he could not work, the decision of the Commissioner must be upheld. The Administrative Law Judge's finding as to

Plaintiff's residual functional capacity was backed by substantial evidence. The Administrative Law Judge explained that medication appeared to alleviate Plaintiff's condition and, contrary to Plaintiff's argument, the evidence was not confined to a period only in 2011 and 2012. [AR 26] The Administrative Law Judge also pointed to activities that Plaintiff engaged in, such as various socializing, organizing his tasks, watching his daughter and doing some chores, which together support the finding that Plaintiff's mental impairments did not prevent him from functioning at the level found by the Administrative Law Judge — able to understand simple instructions and tasks and handling only ordinary paced work, not fast paced work activity. [AR 24] Plaintiff disagrees with the Administrative Law Judge's reading of the evidence, but that is not a basis for reversal; the Administrative Law Judge must interpret the evidence, *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."), and the fact that there are other possible interpretations does not invalidate the findings. *Mayes v. Massanari,* 276 F.3d 453, 459 (9th Cir. 2001).

Plaintiff also argues that the Administrative Law Judge wrongly evaluated the lay evidence. Lay testimony as to a claimant's symptoms is competent evidence that an administrative law judge must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. *Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). The Administrative Law Judge *did* take the lay evidence into account here, and did discuss the statements provided both by Plaintiff's mother and Plaintiff's sister. That satisfied his obligation. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (administrative law judge must take into account lay witness testimony about a claimant's symptoms, but may discount that testimony by providing reasons that are germane to each witness); *Greger v. Barnhart*, 464F.3d 968 (9th Cir. 2006) (same). Plaintiff cites cases where the issue was the failure to discuss the lay evidence and whether that omission constituted harmless error. *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012); *Stout v. Commissioner*, 454 F.3d 1050, 1056 (9th Cir. 2006); *Booz v.*

*Secretary of Health and Human Services*, 734 F.2d 1378, 1381 (9th Cir. 1984) (discussing harmless error doctrine in other context).  That was not the situation here.  Plaintiff's real dispute is with the Administrative Law Judge's reading of the evidence, but, as before, that is not a basis for reversal.

        In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: February 14, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE